UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-CV-25-KSF

KENTUCKY CVS PHARMACY, LLC                                    PLAINTIFF

vs.                              **OPINION AND ORDER**

JOHN MCKINNEY, et al.                                        DEFENDANTS

* * * * * * * *

This matter is before the Court on the motion of Plaintiff for expedited discovery.  For the reasons discussed below, the motion will be granted.

**I.      BACKGROUND**

The background facts of this case are reviewed in more detail in the Court's Opinion and Order denying motions to dismiss.  DE 37.  For purposes of the present motion, the following additional facts are relevant.  Plaintiff's Amended Complaint alleges tortious interference with contractual relations by the Defendants and unfair competition by Spencer Drugs.  Plaintiff filed a motion for expedited discovery [DE 15] along with a motion for preliminary injunction [DE 14].  Plaintiff explains in his expedited discovery motion that critical information and evidence relevant to the motion for an injunction are in the hands of the Defendants.  Accordingly, CVS seeks limited expedited discovery prior to any hearing or ruling on the injunction.

**II.     ANALYSIS**

Pursuant to Rule 26(d), this Court has discretion to order expedited discovery where a party shows good cause for this departure from the usual discovery process. Fed. R. Civ. P. 26(d); *5ifth Element Creative, LLC v. Kirsch,* No. 5:10-cv-255-KKC,  2010 WL 4102907 at *2 (E. D. Ky. Oct. 18, 2010).  Expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction...."  1993 Advisory Committee Note.  "[S]uch requests must

be narrowly tailored to obtain information relevant to the determination of the preliminary injunction." *5ifth Element*, 2010 WL 4102907 at *2.

Plaintiff's requests for production of documents are as follows:

1. A copy of the agreement establishing the Trust and any amendments thereto.

2. A copy of the Lease, and any amendments thereto.

3. All documents related to communications between you and the Trust regarding the Lease.

4. All documents related to communications between you and any third parties (except your counsel) regarding the Lease.

5. Any legal opinions that were obtained by you that addressed whether the opening of Spencer Drug at 110 Big Hill Avenue, Richmond, Kentucky 40475 may violate any provision of the Agreement.

The Court finds that these requests are narrowly tailored to focus on the alleged breach of the non-compete provision of the Agreement and are appropriate for expedited discovery.

The Trust and Spencer Drug argue that the Court should rule on their motions to dismiss before granting any expedited discovery. That request was honored. All motions that were ripe have been ruled upon. DE 37. All Defendants suggest the Court should rule on the merits of the motion for preliminary injunction before allowing any discovery. The purpose of the request for expedited discovery, however, is in aid of the motion for preliminary injunction. Plaintiff has shown good cause for expedited discovery.

Plaintiff also argues "it needs to depose the McKinneys and others in order to learn the full extent of" the breach of the covenant not to compete, directly or indirectly, with CVS. DE 155-1 at 2-3. In its proposed Order, CVS says that "[a]ll party depositions shall be completed within twenty-eight (28) days of this Order." DE 15-2. Counsel for the McKinneys objects to this shortened time frame and notes a conflict with a trial beginning on April 15. The Trust also argues that the "proposed 28 days for party depositions is unreasonable." It proposes discovery over a minimum

period of six months.  DE 28.  The Court finds that both twenty-eight days and six months are unreasonable.  At this stage, Plaintiff's allegations and all inferences therefrom are taken as true. CVS alleges that every day Spencer Drug is allowed to compete, CVS is losing the goodwill for which it paid.  Accordingly, an expedited schedule is appropriate.

III.    **CONCLUSION**

**IT IS ORDERED** that:

1.      CVS' motion for expedited discovery [DE 15] is **GRANTED**;

2.      The parties shall serve requests for production of documents within **seven days** of this Order;

3.      Responses to those requests shall be due within **fourteen days** after service; and

4.      All party depositions shall be completed within **sixty days** of this Order

This April 16, 2013.



Signed By:

_Karl S. Forester_  K S F

**United States Senior Judge**