UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-CV-25-KSF

KENTUCKY CVS PHARMACY, LLC                                              PLAINTIFF

vs.                              **OPINION AND ORDER**

JOHN MCKINNEY, et al.                                                   DEFENDANTS

* * * * * * * *

This matter is before the Court on the motion of Spencer Drug to dismiss the Amended Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, the motion will be granted in part.

I.      **BACKGROUND**

Spencer Drug moves to dismiss the entire Amended Complaint, but it only argues that the claim of unfair competition should be dismissed as a matter of law.  DE 34-1.  The Amended Complaint also contains a claim of tortious interference. DE 19, Count VII.  Spencer Drug's motion to dismiss that claim in the original complaint was denied.  DE 37.  Accordingly, the Court is only considering the claim of unfair competition in this Opinion.  Additional background facts were provided in earlier opinions and will not be repeated here.

II.     **ANALYSIS**

A.      **Standard for Motion to Dismiss**

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *abrogating Conley v. Gibson*, 355 U.S. 41 (1957).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (same).  In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the

plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). *See also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011) ("[C]ourts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action."). Courts may consider a document referenced in the complaint and central to the plaintiff's claim without converting the motion to one for summary judgment. *Greenberg v. Lie Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

### B.    Unfair Competition

Count VIII of CVS's Amended Complaint is a claim of Unfair Competition against Spencer Drug. DE 19 at 16. "Kentucky has only recognized the claim of unfair competition in the realm of trademarks, defining it as 'passing off, or attempting to pass off, upon the public the goods or business of one man as being the goods or business of another.' *Auto Channel, Inc. [v. Speedvision Network, LLC]* 144 F. Supp. 2d 784, 789-90 (W.D. Ky. 2001) (quoting *Newport Sand Bank Co. v. Monarch Sand Min. Co.,* 137 S.W.784, 785 (Ky. 1911)). The Restatement of Unfair Competition adopts a broader view, imposing liability for unfair competition where harm results from deceptive marketing, trademark infringement, or appropriation of intangible trade values, including trade secrets. *Restatement (Third) of Unfair Competition* § 1(a) (1995)." *Grief, Inc. v. MacDonald*, No. 3:06-cv-312-H, 2007 WL 679040 at *1 (March 1, 2007).

CVS alleges that Spencer Drug is wrongfully using the goodwill CVS purchased. In support, CVS relies on the following allegations: (1) that Spencer Drug distributed a promotional flier stating that it was "formally [sic] known as M & M Drug"; (2) that a publicly advertised ribbon-cutting ceremony described the pharmacy's opening as a "newly renovated pharmacy"; (3) that "CVS purchased the goodwill of M & M Drug"; (4) that "Spencer Drug knew that CVS purchased the goodwill of M & M Drug"; and (5) that "Spencer Drug is unfairly profiting by advertising that it is the former M & M Drug and exploiting the goodwill that CVS purchased." DE 19, ¶¶ 3, 32, 83-84, 87.

The last three of these allegations are conclusory legal allegations and are refuted by the Asset Purchase Agreement attached to the Amended Complaint. "It is well settled that the interpretation of contracts is an issue of law for the court to decide." *Equitania Ins. Co. v. Slone & Garrett, P.S.C.*, 191 S.W. 3d 552, 556 (Ky. 2006).

The plain language of the Agreement states that CVS is purchasing certain assets – Merchandise Inventory, Prescription Files, Telephone, Pharmacy Computer – and the "goodwill with respect to the Assets being sold hereunder." DE 19, Ex. A at 1-2. Thus, the Agreement expressly limits the purchase of goodwill to the assets being sold.

Moreover, the Agreement excluded the following: "This sale does not include the furniture, trade fixtures, trademarks, service marks, cash or accounts receivable of the Seller." *Id.* at 3. The exclusion of any "trademarks and service marks" belonging to M & M Drug would also exclude any goodwill associated with those marks. CVS did purchase the right to use the trade name M & M Drug, but only for six months and for a limited purpose. *Id.* at 7.

> 7.    ADVERTISING
> Seller acknowledges and agrees that it is very important that service to Seller's customers remain uninterrupted. To insure such continued service, Seller agrees that Buyer shall have the right to use Seller's trade name for a period of six (6) months from the Date of Inventory to advertise in the local newspapers and shall have the right to put signs in Buyer's store windows and in the windows of Seller's Store (if permitted to do so by Seller's Landlord) notifying customers that Seller's Store has closed and the prescription files have been transferred to Buyer's store.

*Id.* The Date of Inventory was to occur by December 31, 2011. *Id.* at 3. The Spencer Drug flyer referring to M & M Drug was distributed at the time of the new pharmacy opening on November 1, 2012. DE 19, ¶ 3 and Ex. B. The ribbon cutting ceremony was that same day. Both of these events are clearly more than six months after the last possible date that CVS was entitled to use the "Seller's trade name" to notify customers that the store had closed.

CVS admits that it only had the right to use the trade name M & M Drug "for a period of six months." DE 39 at 1. Yet, it claims it purchased "perpetual ownership of the goodwill associated with M & M Drug." *Id.* at 1-2. If CVS had purchased all the goodwill associated with M & M Drug,

why did it separately purchase the right to use the trade name?  Why also limit the use of the trade name to six months?  A limited right to use the trade name is inconsistent with a purchase of all the goodwill of the business.  Why were trademarks and service marks expressly excluded from the purchase?  Even if there were a logical explanation for all of these questions, what is the basis for saying that CVS's purchase of the use of the trade name for six months really means that no one else can use it forever?

CVS relies on *Newport Sand* for the proposition that it does not need to "show a proprietary interest in the names or symbols employed by a defendant to work the deception."  DE 39 at 6.  Newport Sand had not registered its names for various quality sands as trademarks, but had used unique names for twenty years such that "they have acquired a secondary meaning" in the industry.  *Newport Sand*, 137 S.W. at 785.  The court held that "plaintiff has acquired a right to [the secondary meaning's] use which the court should protect against one seeking to adopt it or imitate it for the fraudulent purpose of bringing about an unfair competition in business."  *Id.* at 786.  CVS, by contrast, did not acquire any right to use the trade name M & M Drug in perpetuity.  It had the right to use it for only six months.  If it wanted longer protection, it should have paid for it.

CVS cites several cases that support a broader definition of unfair competition than that in *Newport Sand*.  DE 39 at 5-7.  For the purposes of this motion, the Court will assume those broader definitions are applicable.  Nonetheless, CVS has no right to preclude others from using the name M & M Drug.

## III.   CONCLUSION

**IT IS ORDERED** that Spencer Drug's motion to dismiss the amended complaint [DE 34] is **GRANTED TO THE EXTENT** that CVS's claim for unfair competition (Count VIII) is **DISMISSED**.

This September 26, 2013.



Signed By:

*Karl S. Forester*   K S F

**United States Senior Judge**

4